J-S33039-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :     IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
            Appellee             :
                                     :
         v.                    :
                                     :
PATRICK JOSEPH VAUGHN,          :
                                     :
            Appellant        :       No. 1828 MDA 2016

Appeal from the Judgment of Sentence August 18, 2016
in the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000002-2016

BEFORE:  BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED JULY 07, 2017**

Patrick Joseph Vaughn (Appellant) appeals from the judgment of sentence entered August 18, 2016, after he was found guilty of fleeing or attempting to elude a police officer, driving under the influence (DUI), and driving with a suspended license.  We affirm.

The trial court summarized the pertinent factual and procedural history as follows.

> On December 13, 2015, at approximately 2 a.m., Patrolman Eiker of the Cumberland Township Police Department was on patrol.  He was in full uniform and a marked police vehicle.  Patrolman Eiker was traveling northbound on Biglerville Road when he observed a "grayish color, silverish color Ford F150" pull out from North Avenue on to Biglerville Road right in front of the vehicle Patrolman Eiker was behind.[1]  As the truck traveled northbound, Patrolman Eiker observed the truck cross over the white fog line numerous times.

---

\* Retired Senior Judge assigned to the Superior Court

_____

[1] The vehicle Patrolman Eiker was following needed to use its brakes to avoid an accident with Appellant's truck.

Patrolman Eiker testified he activated his emergency lights before Meadow Drive, right around the Misty Ridge development. Appellant did not pull over but continued traveling northbound. Patrolman Eiker testified to the ten locations with parking areas and/or lighting that Appellant and Patrolman Eiker passed after he activated his emergency lights but prior to Appellant['s] pulling over. Patrolman Eiker activated his emergency sirens[3] somewhere between Capital Tristate and Dr. Samuel's Office and Church of the Brethren and Myers Electric. Again, Appellant continued driving. At some point Appellant turned on his right turn signal appearing, according to Patrolman Eiker, as if he was going to make a turn or pull over; however, he continued driving. After Appellant passed Road Rangers Towing he turned into a private driveway/lane. Appellant traveled approximately 1-1.2 miles from the time Patrolman Eiker activated his emergency lights until he came to a stop in the private driveway/lane. Once in the private driveway/lane, [later identified as the driveway of Appellant's cousin,] Appellant traveled about 400 feet before he came to a stop.

_____

[3] Patrolman Eiker alternated siren levels in an effort to get Appellant's attention.

Patrolman Eiker testified the driveway/lane was not well lit and the house sat about a half mile off the roadway. He also saw a female sitting along the tree line on the property. When Appellant stepped out of the vehicle Patrolman Eiker ordered him to get down on the ground; Appellant ultimately complied. Patrolman Eiker then handcuffed Appellant and brought him to his police vehicle. The female approached Appellant, smacked him in the face, and told him he was going to jail.

He placed Appellant in the back of his police vehicle. Officer Goodling, Patrolman Eiker's backup, arrived on the scene and was told to place the female in custody. While in the back of Patrolman Eiker's police vehicle, Appellant kicked at the doors, head butted the window of the cage, yelled, screamed and acted belligerently.

* * *

A jury trial in the above captioned matter was held before [the trial court] on June 10, 2016. The jury convicted Appellant of count 1, fleeing or attempting to elude a police officer, graded as a felony of the third degree and count 2, driving under the influence of alcohol-general impairment, graded as a misdemeanor of the first degree. [The trial court] found Appellant guilty of the summary charge of driving under suspension, in violation of 75 Pa.C.S.[] § 1543(b)(1.1)(i).

On August 18, 2016, [the trial court] sentenced Appellant on the fleeing and eluding charge to not less than 12 months nor more than 36 months in a state correctional institution, not less than 9 months nor more than 24 months in a state correctional institution for the DUI charge, and 90 days confinement in a state correctional institution on the driving under suspension charge. All sentences ran consecutive[ly].

On August 26, 2016, Appellant filed a post-sentence motion challenging both the weight and legal sufficiency of the evidence. [The trial court] denied Appellant's post-sentence motion on October 25, 2016. This appeal followed.[1]

Trial Court Opinion, 11/29/2016, at 1-3 (some footnotes omitted).

On appeal, Appellant raises claims challenging the weight and sufficiency of the evidence to sustain his conviction for fleeing or attempting to elude a police officer. Appellant's Brief at 10.

In reviewing Appellant's sufficiency claim, we are mindful of the following.

[O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Lynch***, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. ***Commonwealth v. Markman***, 916 A.2d 586, 598 (Pa. 2007).

A person commits the crime of fleeing or attempting to elude a police officer when, while driving a motor vehicle, he "willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop[.]" 75 Pa.C.S. § 3733(a).

Appellant contends the evidence was insufficient to sustain his conviction because the Commonwealth failed to prove that he "willfully" failed to stop.[2] Appellant's Brief at 13. Furthermore, Appellant avers

> that because he did not accelerate his speed, maintained around the speed limit, did not make any evasive maneuvers, and drove only a mile on a road he could not have pulled over to the side and been off the roadway, before he came to a stop on his own,

---

[2] As correctly noted by the trial court, and set forth in more detail *infra*, whether Appellant was able to prove at trial that he had a good faith concern for his personal safety, which precluded him from pulling over, thus proving that he did not "willfully" fail to stop, goes to the weight, not sufficiency of the evidence. ***See Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012).

makes it clear that there was not sufficient evidence presented by the Commonwealth to convict Appellant of fleeing or attempting to elude a police officer.

*Id.* at 13.

The trial court responded to Appellant's claim as follows.

A review of the evidence, in the light most favorable to the Commonwealth as verdict winner, shows Appellant's sufficiency of the evidence claim is meritless. The Commonwealth established Appellant was the driver of the motor vehicle. Patrolman Eiker was in full uniform and a marked police vehicle. Patrolman Eiker provided Appellant with a visual signal to pull over. [Patrolman Eiker] testified he activated his emergency lights before reaching Meadow Drive. Interestingly, the vehicle immediately in front of Patrolman Eiker safely pulled over, but Appellant continued driving. Patrolman Eiker also provided Appellant with audio signals (siren) to pull over, even alternating between two to three levels of sound to get Appellant's attention. Again, Appellant did not stop but continued driving. Appellant and Patrolman Eiker passed a total of ten locations that contained either a parking lot, a parking area, and/or lights where Appellant could have safely stopped. Further, according to testimony developed at trial, Appellant traveled anywhere between 1-1.2 miles from the point Patrolman Eiker turned on his emergency lights to when Appellant ultimately pulled over. Moreover, Appellant even concedes he did not stop after noticing the officer's signal.

At trial, Appellant argued the affirmative defense of a good faith concern for his personal safety claiming there was no safe place to pull over. As in [**Commonwealth v. Bowen**] discussed [*supra*], the issue regarding Appellant's affirmative defense actually goes to the weight of the evidence and will be dealt with in more detail below. In summation, the Commonwealth presented sufficient evidence to establish Appellant was driving a motor vehicle and that he willfully failed to bring his vehicle immediately to a stop after being given visual and audio signals to stop. Therefore, Appellant's legal sufficiency of the evidence claim fails.

Trial Court Opinion, 9/26/2016, at 10-12 (footnotes omitted).

We agree with the trial court's conclusions. Here, despite Appellant's protestations to the contrary, the statute does not mandate that there be evidence that Appellant was driving recklessly, at a high rate of speed, or using "evasive maneuvers" to elude police in order to be found guilty of the aforementioned crime. In this case, Patrolman Eiker testified and Appellant concedes, that the patrolman gave "sufficient visual and audible signal[s]" to alert Appellant that he was being pulled over. N.T., 6/10/2016, at 34-42; Appellant's Brief at 11. Patrolman Eiker further stated that Appellant passed ten locations where he could have pulled over safely but did not do so. N.T., 6/10/2016, at 35-44.[3] Based on the foregoing, the testimony, if believed by the fact-finder, was sufficient to sustain Appellant's conviction.[4] Appellant's sufficiency challenge fails.

Next, we begin our review of Appellant's weight-of-the-evidence argument by setting forth our standard of review.

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. …

---

[3] Notably, Patrolman Eiker testified that the vehicle directly behind Appellant was able to safely pull over when Patrolman Eiker initiated his lights. N.T., 6/10/2016, at 31.

[4] Furthermore, while Appellant disputes the patrolman's testimony that he was able to pull over safely, as stated in more detail *infra*, we remind Appellant that "[i]ssues of credibility are properly left to the trier of fact for resolution, and the finder of fact is free to believe all, part, or none of the evidence." **Commonwealth v. Chambers**, 599 A.2d 630, 642 (Pa. 1991).

Our review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

*Commonwealth v. Chamberlain,* 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." *Commonwealth v. Handfield*, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting *Commonwealth v. Cain*, 29 A.3d 3, 6 (Pa. Super. 2011)).

In support of his claim, Appellant correctly identifies that 75 Pa.C.S. § 3733(d) delineates defenses that may be asserted by a defendant charged with fleeing or attempt to elude a police officer.

(1)   It is a defense to a prosecution under this section that the pursuing police officer's vehicle was not clearly identifiable by its markings or, if unmarked, was not occupied by a police officer who was in uniform and displaying a badge or other sign of authority.

(2)   It is a defense to prosecution under this section if the defendant can show by a preponderance of the evidence that the failure to stop immediately for a police officer's vehicle was based upon a good faith concern for personal safety. In determining whether the defendant has met this burden, the court may consider the following factors:

> (i)     The time and location of the event.
> (ii)    The type of police vehicle used by the police officer.
> (iii)   The defendant's conduct while being followed by the police officer.
> (iv)    Whether the defendant stopped at the first available reasonably lighted or populated area.

> > > (v) Any other factor considered relevant by the court.

Appellant contends that the conduct exhibited when he failed to pull over showed that "he had a reasonable concern for his personal safety in not immediately pulling over." Appellant's Brief at 15. As evidence, Appellant avers Patrolman Eiker testified that "'a little bit' of [Appellant's] truck 'would still be in the lane'" of traffic if Appellant decided to pull over on the side of the road he was travelling. *Id.* at 16. Appellant acknowledges that the testimony supports the Commonwealth's position that Appellant failed to stop "at the first available reasonably lighted or populated area[,]" 75 Pa.C.S. § 3733(d)(2)(iv). However, Appellant asserts that this position

> fails to take into account split decisions and basic human error. Appellant was driving around the speed limit (40-45 mph), at night, with no lighting on the roadway, with an officer on his tail shining his lights into Appellant's rear view mirror. As mentioned above, a reasonable person's first instinct is to pull to the side of the road, but Appellant had already reasonably determined that was not safe. … [] Appellant in a stressful situation with poor sight lines because of the lighting decided to drive a short distance further to a place he was familiar with and could safely pull over. Under the totality of the circumstances that was a reasonable decision and does not contradict his reasonable concern for his personal safety in not stopping earlier.

Appellant's Brief at 16-17 (citations omitted).

In its 1925(a) opinion, the trial court offered the following:

> T[he trial c]ourt does not find the jury's verdict [shocks] one's sense of justice. Based on the evidence [], the Commonwealth presented sufficient evidence to sustain Appellant's conviction. Furthermore, the jury, as fact-finder, found the evidence

- 8 -

presented by the Commonwealth and Patrolman Eiker more credible than Appellant's. **See Bowen**, 55 A.3d at 1262 ("The jury's choice not to believe Appellant's version of the events was purely within its discretion and will not be disturbed on appeal."). Consequently, Appellant's weight of the evidence claim must fail.

Trial Court Opinion, 11/29/2016, at 8. We discern no abuse of discretion in the trial court's conclusion. As the trial court correctly observed, it is within the province of the jury, sitting as fact-finder, to review the evidence and assess the credibility of the testifying witnesses. **See Chamberlain**, 30 A.3d at 396 ("A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant.").

Accordingly, after a thorough review of the record and briefs, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017